HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELIN T. RODRIGUEZ,

        Plaintiff,

v.

NORTHWEST TRUSTEE
SERVICES, INC., et al.,

        Defendants.

CASE NO. C17-1627 RAJ

ORDER

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Melin T. Rodriguez's complaint with leave to amend. Dkt. # 4.

On November 1, 2017, Plaintiff filed this action against Defendants Northwest Trustee Services, Inc., U.S. Bank National Association, and Does 1-50. Dkt. # 4. Plaintiff alleges that Defendants violated his right to due process and his civil rights by allegedly "ignoring proper loan procedures". In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. #1. The Honorable James P. Donohue granted the application. Dkt. # 3.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C.

§ 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff's Complaint provides very few details regarding Defendants' alleged actions. Plaintiff alleges that Defendants have no legal right to the real property at 5312 South Avon Street in Seattle, Washington because they do not have a valid trustee's deed and that Defendants engaged in "improper noticing for mortgage note and deed activities." Dkt. # 4. Plaintiff provides no further details as to how Defendants denied his right to due process, or why the trustee's deed allegedly held by Defendants is not

valid. Plaintiff states only that there is "no definitive claimant of ownership of the note(s), due to divergent paths taken by both the mortgage note and by the deed of trust." Dkt. # 1-1 at 5. Plaintiff also requests damages and punitive damages in the amount of $1,250,000.

Even taking all allegations in the light most favorable to the Plaintiff, the Complaint fails to state a claim showing that he is entitled to relief. Plaintiff states that jurisdiction is proper in this Court because his due process and constitutional rights have been violated, but none of his allegations establish how Defendants violated these rights. Nothing in the Complaint establishes his right to relief beyond a speculative level. Taking these allegations as true and construing them liberally, the Court concludes that Plaintiff's Complaint is frivolous and fails to state a valid claim for relief.

For the reasons stated above, the Court **DISMISSES** Plaintiff's Complaint. Dkt. # 4. **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

Dated this 1st day of December, 2017.

The Honorable Richard A. Jones
United States District Judge